# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Nakia Ayala, *et al.*,

                        Plaintiffs,        Case No. 26-cv-10413

v.                                Judith E. Levy
                                   United States District Judge

Bradley Puszczyk, *et al.*,

                                   Mag. Judge Elizabeth A. Stafford

                        Defendants.

_____/

## ORDER OF DISMISSAL

Plaintiffs Nakia Ayala and Juan Carlos Ayala initiated this action on February 3, 2026. On that date, they filed a complaint and an application to proceed in district court without prepaying fees or costs. (ECF Nos. 1, 2.) Plaintiffs are self-represented.

On February 11, 2026, the Court issued an order striking the complaint because it "[c]ontain[ed] information that must be redacted" under Federal Rule of Civil Procedure 5.2. (ECF No. 5.) The Court's order stated that "[b]y **February 25, 2026**, Plaintiffs must file an amended complaint that addresses the issue identified [in the order]." (*Id.* at

PageID.20 (emphasis in original).) Plaintiffs did not file an amended complaint by that deadline.

On March 13, 2026, the Court issued a show cause order in which it "ordered [Plaintiffs] to show cause in writing why the Court should not dismiss the action due to their failure to comply with the Court's [February 11, 2026] order." (ECF No. 8, PageID.28 (citing Fed. R. Civ. P. 41(b)).) Plaintiffs' response to the show cause order was due by March 27, 2026. The Court warned Plaintiffs that "[**f**]**ailure to file a response by March 27, 2026 will result in sanctions, including the dismissal of the action**." (*Id.* (emphasis in original).) The deadline imposed in the Court's show cause order elapsed over two months ago, and the Court has not received any communication from Plaintiffs. Plaintiffs have not responded to the Court's show cause order or asked for more time to respond.[1]

---

[1] The Court notes that the copies of the Court's orders (ECF Nos. 5, 8) that were initially mailed to Juan Carlos Ayala were returned to the Court as undeliverable. (ECF Nos. 7, 9.) But a text-only certificate of service entered on March 24, 2026 reflects that the Court subsequently mailed copies of the orders to Juan Carlos Ayala at a different address. There is no indication on the docket that the March 24, 2026 mailing was unsuccessful.

The Court dismisses this case without prejudice due to Plaintiffs' failure to comply with the Court's orders and their failure to prosecute the case. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–33 (1962). Federal Rule of Civil Procedure 41(b) "provides for dismissal of an action where the plaintiff has failed 'to prosecute or to comply with these rules or a court order.'" *Bonanno v. Virginia*, No. 22-5546, 2023 WL 8867912, at \*2 (6th Cir. June 26, 2023) (quoting Fed. R. Civ. P. 41(b); citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)), *cert. denied*, 144 S. Ct. 850 (2024), *reh'g denied*, 144 S. Ct. 1133 (2024).

When contemplating the dismissal of a case under Rule 41(b), the Court considers the following four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th

Cir. 1999)). "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citing *Knoll*, 176 F.3d at 363; *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

Here, the first factor favors dismissal. "To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (alteration in original) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)). Plaintiffs did not file an amended complaint, as required by the Court's February 11, 2026 order. In addition, they did not respond to the Court's March 13, 2026 show cause order. Plaintiffs have taken no action in this case since February 3, 2026—the date they filed their complaint and their application to proceed in district court without prepaying fees or costs. (ECF Nos. 1, 2.) "Although [Plaintiffs'] conduct does not establish bad faith, it nevertheless shows willfulness and fault in that [t]he[y]

4

w[ere] at best extremely dilatory in not pursuing [their] claim[s], which indicates an intention to let [their] case lapse." *Schafer*, 529 F.3d at 739.

The second factor does not favor dismissal. "Assessing prejudice for purposes of Rule 41(b) requires the district court to look to the 'waste[d] time, money, and effort in pursuit of cooperation which [the non-dilatory party] was legally obligated to provide.'" *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277–78 (6th Cir. 2023) (alterations in original) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005)). The docket does not reflect that Defendants Bradley Puszczyk, Holly Buckley, Cara Opalko, and the Michigan Department of Health and Human Services have been served or that they have appeared in the case. As a result, there is no indication that Defendants have been prejudiced by Plaintiffs' conduct.

The third factor favors dismissal. Whether the plaintiff was warned about the possibility of dismissal "is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). Here, the Court warned Plaintiffs in its March 13, 2026 show cause order about the possibility of dismissal if they

failed to respond by the deadline specified in the order. (ECF No. 8, PageID.27.)

The fourth factor also favors dismissal. The Court previously considered lesser sanctions prior to this dismissal order. After Plaintiffs failed to comply with the Court's order requiring them to file an amended complaint, the Court issued a show cause order.

In sum, three of the four factors discussed above favor dismissal. The Court therefore concludes that it is not an abuse of discretion to dismiss this case for failure to comply with the Court's orders and for want of prosecution. *See* Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2.

Accordingly, the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: June 4, 2026　　　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 4, 2026.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager

6